IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
(BOSTON)

MARC PUGLIESE           *
17 Ferry Lots Lane           *
Salisbury, Massachusetts       *
                      *
  *On Behalf of Himself and*     *
  *All Others Similarly-Situated*   *
                      *
  PLAINTIFF,           *
                      *
v.                     *   Case No.:
                      *
GOVERNMENT EMPLOYEES     *
INSURANCE COMPANY       *
D/B/A GEICO             *
5260 Western Avenue         *
Chevy Chase, Maryland 20815     *
                      *
  DEFENDANT.           *
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## CLASS ACTION AND COLLECTIVE ACTION COMPLAINT

The Plaintiff, Marc Pugliese ("Plaintiff"), individually and on behalf of all similarly-situated employees, brings this Class and Collective action lawsuit against Government Employees Insurance Company d/b/a GEICO (collectively "GEICO"), seeking to recover for Defendant's violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.* (the "FLSA") and the Massachusetts Wage Act, M.G.L. GL ch. 149, §§148, 150, 151 ("MWA"). The Plaintiff, on behalf of himself and all others similarly-situated, alleges as follows:

## PARTIES AND JURISDICTION

1.   The Plaintiff is an adult resident of the Commonwealth of Massachusetts.

2.   By acting as the named Plaintiff in this action, the Plaintiff hereby consents in the writing of the heading of this Complaint to act as a Class Action Class Representative and participate as the Plaintiff in an FLSA Collective Action.

3.      GEICO is a corporation formed under the laws of the State of Nebraska.

4.      At all times relevant to this action, GEICO has maintained its principal place of business in Chevy Chase, Maryland.

5.      At all times relevant to this action, GEICO has operated substantially and continuously in the Commonwealth of Massachusetts, and in each of the 50 States of the United States.

6.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA and properly confers supplemental jurisdiction over alleged common and interrelated state law claims seeking recovery of unpaid wages and damages under Massachusetts law.

7.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

8.      GEICO is an enterprise engaged in commerce under the FLSA because material hereto it had an annual gross volume of sales more than $500,000.00.

9.      At all times relevant, GEICO was the Plaintiff's employer and the employer of all other similarly-situated Automobile and/or Residential and/or Catastrophic Damage Adjusters 1 and/or II and/or III ("hereinafter, "Adjusters") as defined by the FLSA and applicable Massachusetts law.

<u>FACTS</u>

10.     During the period of about January 2019 through about March 2021, Plaintiff was employed by GEICO as an Adjuster.

11.     While employed, the Plaintiff primarily performed his duties within the Commonwealth of Massachusetts and in or around Essex and Suffolk Counties, Massachusetts.

12.     While employed, the Plaintiff typically and customarily performed compensable job duties for the benefit of GEICO Monday through Friday, from about 8:00 AM until about 5:30 PM – 7:00 PM, and as needed on weekends.

13.     During the period of the Plaintiff's employment, other Adjusters employed by GEICO within the Commonwealth of Massachusetts typically and customarily performed compensable job duties for the benefit of GEICO Monday through Friday, from about 8:00 AM until about 5:30 – 7:00 PM, and as needed on weekend.

14.     During the relevant period, the Plaintiff did not cease performing his compensable work duties for the benefit of GEICO during workdays for a 45-minute meal period, or a *bona fide* meal period of any significant length.

15.     During the period of the Plaintiff's employment, other Adjusters employed by GEICO within the Commonwealth of Massachusetts did not cease performing their compensable work duties for the benefit of GEICO during workdays for a 45-minute meal period, or a bona fide meal period of any significant length.

16.     During the period of the Plaintiff's employment, GEICO paid the Plaintiff and other GEICO Adjuster performing work duties in Massachusetts a flat weekly salary or at an hourly rate designed and intended to compensate the Plaintiff and the other Adjusters for 7.75 hours per day or 38.75 hours per week (8:00 AM – 4:30 PM, with no wages paid for a 45-minute meal period = 7.75 hours per day) * 5 days per week = 38.75 hours per week).

17.     During the period of the Plaintiff's employment, GEICO directed the Plaintiff and other GEICO Adjusters performing duties in Massachusetts to enter 7.75 hours of compensable time per day on employee time records to ensure overtime and, by extension, time-and-one-half

overtime wages would not be due and owing to non-exempt employees like the Plaintiff and other GEICO Adjusters performing duties in Massachusetts.

18.     Through GEICO company-wide policies and business practices, carried out through intimidation tactics and implied adverse employment consequences, GEICO successfully pressured the Plaintiff and other GEICO Adjusters performing work duties in Massachusetts to customarily enter 7.75 hours of compensable time per day notwithstanding that the Plaintiff and other GEICO Adjusters performing work duties in Massachusetts regularly and customarily worked more between 8-10 or more hours per day and, by extension, about 40-50 or more hours per week.

19.     During the period of the Plaintiff's employment, GEICO instructed the supervisors for the Plaintiff and GEICO Adjusters performing work duties in Massachusetts to inform the Plaintiff and other GEICO Adjusters performing duties in Massachusetts that 7.75 hours per day was sufficient if the Plaintiff and other GEICO Adjusters in Massachusetts were working hard and doing their job. This policy and strategy resulted in the logical conclusion that if the Plaintiff or other GEICO Adjuster in Massachusetts advised supervisors they worked more than 7.75 hours in a day, the additional working hours evinced poor work performance.  Thus, GEICO created a company and class-wide policy and practice, reinforced by supervisors and GEICO company culture, that it was better for the Plaintiff and GEICO Adjuster performing duties in Massachusetts' career to stay quiet and allow GEICO to steal their hours/wages rather than speak up, complain about additional compensable work hours, and risk a poor workplace reputation, negative performance reviews, and risk additional negative workplace consequences.

20.     During the period of the Plaintiff's employment, GEICO had actual knowledge employee complaints, text messages, emails, internal employee chat or messaging programs,

4

VPN Data, phone monitoring, claims management systems, and other employee monitoring systems that GEICO's time sheet system and the content thereof was not accurate and that the Plaintiff and other GEICO Adjusters working in Massachusetts regularly and customarily worked more than 7.75 hours per day and more than forty (40) hours per week.

21.     During the period of the Plaintiff's employment, GEICO had actual or constructive knowledge and otherwise suffered or permitted the Plaintiff and other GEICO Adjusters performing work in Massachusetts to perform compensable work duties over 7.75 hours per day and more than forty (40) hours per week.

22.     On some occasions, GEICO approved the Plaintiff and/or other GEICO Adjusters working in Massachusetts for compensable work exceeding 7.75 hours per day and/or 38.75 hours per week.  These instances, customarily, occurred when GEICO directed the Plaintiff or other Adjusters to service additional GEICO customers.  In these instances, GEICO paid the Plaintiff and/or other Adjusters for some, but not all compensable hours worked.

23.     During the period of the Plaintiff's employment, GEICO had actual knowledge that it was obligated under the FLSA and Massachusetts law to track and record the Plaintiff and other Massachusetts Adjuster's compensable hours accurately and with precision.

24.     During the period of the Plaintiff's employment, GEICO had actual knowledge that its failure to track and record the Plaintiff and other GEICO Adjusters working in Massachusetts' compensable hours accurately and/or with precision was in direct violation of GEICO's FLSA and Massachusetts law record keeping requirements.

25.     During the period of the Plaintiff's employment, GEICO had actual knowledge that it was obligated to pay the Plaintiff and other GEICO Adjusters in Massachusetts all wages due and owing for all hours the Plaintiff and other GEICO Adjusters in Massachusetts worked

each week and pay the Plaintiff and other GEICO Adjusters in Massachusetts overtime wages at the time-and-one-half rate for overtime the Plaintiff and other Adjusters worked over forty (40) hours each week.

26.    During the period relevant to this action, GEICO had actual knowledge that its failure to pay the Plaintiff and other GEICO Adjusters working in Massachusetts all wages due and owing for all hours the Plaintiff and other Adjusters worked each week and its failure to pay the Plaintiff and other GEICO Adjusters in Massachusetts overtime wages at the time-and-one-half rate for overtime the Plaintiff and other Adjusters worked over forty (40) hours each week was in direct violation of GEICO's FLSA and Massachusetts wage payment and overtime compensation obligations.

## FLSA COLLECTIVE ACTION ALLEGATIONS

27.    The Plaintiff brings his Count for violations of the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), on behalf of himself and all similarly-situated employees.

28.    Similarly-situated employees, for purposes of the FLSA collective action claims, include GEICO Adjusters who work or have worked for GEICO in Massachusetts at any time within the three (3) year period prior to joining this lawsuit under 29 U.S.C. § 216(b), who were not paid by GEICO at the time-and-one-half rate owed for all overtime worked over forty (40) hours per week as required by the FLSA time-and-one-half overtime compensation mandate.

29.    Pursuit of this action collectively will provide the most efficient mechanism for adjudicating the claims of the Plaintiff and the Collective Action Class Plaintiffs.

30.    The Plaintiff requests he be permitted to serve as representative of those who consent to participate in this action, and that this action be conditionally certified as a collective action pursuant to 29 U.S.C. § 216(b).

## MWA CLASS ACTION ALLEGATIONS

31.     The Plaintiff brings his state law counts for violations of the MWA pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of himself and all similarly-situated GEICO Adjusters performing work duties in Massachusetts, for relief to redress and remedy GEICO's wage payment and overtime compensation violations of the MWA and/or GEICO's failure to pay wages in violation of the MWA.

32.     Pursuit of this action as a class will provide the most efficient mechanism for adjudicating the claims of the Plaintiff and the Class Plaintiffs.

33.     The MWA Class will include all individuals who work or have worked for GEICO as Adjusters performing compensable work duties for GEICO's benefit within the Commonwealth of Massachusetts at any time within the three (3) year period prior to the filing of this lawsuit who were (i) were not paid all wages due and owing for work duties performed in the Commonwealth of Massachusetts as a result of GEICO's class-wide payroll practice of shaving shift minutes and/or hours worked exceeding 7.75 per shift and/or (ii) who were subject to GEICO's payroll policies and practices denying payment of wages for all hours worked and/or payment of overtime wages at the time-and-one-half rate for overtime worked over forty (40) hours per week

34.     The proposed class is so numerous that the joinder of all such persons is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.   While the exact number of Class Plaintiffs is unknown to the Plaintiff at this time, upon information and belief, each Sub-Class comprises at least fifty (50) Adjusters.

35.     There is a well-defined commonality of interest in the questions of law and fact involving and affecting the proposed class, and these common questions of law and fact predominate over any questions affecting members of the proposed class individually, in that

the Plaintiff and all Class Plaintiffs have been harmed by GEICO's common and class-wide payroll practices of (i) shaving compensable work hours exceeding 7.75 hours per shift and/or (ii) denying payment of all wages earned and contractually and/or equitably due and owing for all hours compensable hours worked each week.

36.    The claims of the Plaintiff are typical of the claims of the Class Plaintiffs and the relief sought by the Plaintiff is typical of the relief which would be sought by each of the Class Members in separate actions.

37.    All Class Plaintiffs were subject to the same common and class-wide unlawful compensation practices perpetrated by GEICO, as alleged herein.

38.    GEICO's common and class-wide unlawful compensation policies and practices affected and caused damages to the Plaintiff and all Class Plaintiffs similarly.

39.    The Plaintiff and the Class Plaintiffs sustained similar losses, injuries, and damages arising from the same unlawful and class-wide payroll policies and practice perpetrated by GEICO.

40.    The Plaintiff individually and collectively, can fairly and adequately protect the interests of all members of the proposed class, and there are no known conflicts of interest between any of the Plaintiff and any of the Class Plaintiffs.

41.    The Plaintiff have retained counsel who is experienced and competent in both wage and hour law and complex class action litigation.

42.    A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all Class Plaintiffs is impracticable. Class action treatment will permit a large number of similarly-situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the

unnecessary duplication of effort and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class Plaintiffs may be small for some in the sense pertinent to the class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class Plaintiffs to redress the wrongs done to them.

43.    Further, important public interests will be served by addressing the matter as a class action. The cost to the court system and the public for the adjudication of individual litigation and claims would be substantially greater than if the claims are treated as a class action. Prosecution of separate actions by individual members of the proposed class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the class, establishing incompatible standards of conduct for GEICO, and resulting in the impairment of Class Plaintiffs' rights and the disposition of their interests through actions to which they are not parties. The issue in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can and is empowered to fashion methods to efficiently manage this action as a class action.

44.    Public Policy Considerations: GEICO violated wage payment laws and contractual wage payment obligations. Just as current employees are often afraid to assert their rights out of fear of direct or indirect retaliation, former employees may also be fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class action lawsuits provide Class Plaintiffs who are not named in the Complaint a degree of anonymity, which allows for vindication of their rights while eliminating or reducing these risks.

## COUNT I
## VIOLATION OF THE FLSA OVERTIME COMPENSATION MANDATE

45.     The Plaintiff incorporates by reference all preceding paragraphs as if the same were repeated here verbatim.

46.     Pursuant to the FLSA, employers must pay non-exempt employees such as the Plaintiff and the Collective Action Class Plaintiffs at the rate of one-and-one-half times (1.5x) their regular hourly rate for all overtime worked over 40 hours per week.

47.     As set forth above, GEICO failed to pay the Plaintiff and the Collective Action Class Plaintiffs at the FLSA required rate of one-and-one-half times (1.5x) their regular hourly rate for all overtime the Plaintiff and the Collective Action Class Plaintiffs worked over 40 hours per week.

48.     GEICO had actual knowledge that its failure to pay Plaintiff and the Collective Action Class Plaintiffs at the FLSA required rate of one-and-one-half times (1.5x) their regular hourly rate for all overtime worked over 40 hours per week was in direct violation of the Plaintiff and the Collective Action Class Plaintiffs' FLSA overtime compensation rights.

49.     The foregoing conduct, as alleged above, constitutes willful violations of the FLSA which permits the recovery of unpaid overtime wages for up to three (3) years, rather than two (2) years.

50.     The Plaintiff and the Collective Action Class Plaintiffs seek to recover from GEICO of the following damages:

        a.  unpaid wages due and owing for compensable overtime work duties performed over forty (40) hours per week;

        b.  statutory liquidated damages;

c.  attorneys' fees and costs; and

d.  all other legal and equitable relief as the Court deems just and proper.

## COUNT II
## VIOLATION OF THE MASSACHUSETTS WAGE ACT

51.     The Plaintiff re-alleges and reasserts each allegation set forth in the paragraphs above as if each were set forth herein.

52.     During the three (3) years proceeding the filing of this action, GEICO employed the Plaintiff and other Adjusters performing work duties within the Commonwealth of Massachusetts within the meaning of the MWA.

53.     Pursuant to the MWA, the Plaintiff and all other GEICO Adjusters performing duties within the Commonwealth of Massachusetts were entitled to receive all compensation due and owing to them on their regular payday.

54.     As a result of GEICO's unlawful policies, the Plaintiff and other GEICO Adjusters performing work duties within the Commonwealth of Massachusetts have been deprived of compensation due and owing.

55.     The Plaintiff and the Class Plaintiffs seek to recover from GEICO of the following damages:

a.  unpaid wages due and owing for compensable work duties performed each week;

b.  statutory liquidated damages;

c.  attorneys' fees and costs; and

d.  all other legal and equitable relief as the Court deems just and proper.

## RELIEF SOUGHT

WHEREFORE, the Plaintiff, and all those similarly-situated GEICO Adjusters that

perform or performed work duties within the Commonwealth of Massachusetts, collectively pray that this Honorable Court:

1.  issue an Order certifying this action as a collective action under the FLSA, and designate Plaintiff as the representative of all those similarly-situated under the FLSA collective action;

2.  issue an Order certifying this action as a class action under the MWA and designate Plaintiff as the representatives on behalf of all MWA Class Plaintiffs;

3.  award the Plaintiff and all those similarly situated Collective Action and Class Plaintiffs actual damages in the amount of all wages found due to the Plaintiff and other Collective Action and Class Plaintiffs and an award of liquidated damages as provided by the FLSA and MWA.

4.  award the Plaintiff and all those similarly situated Collective Action and Class Plaintiffs pre- and post-judgment interest at the statutory rate;

5.  award the Plaintiff and all those similarly situated Collective Action and Class Plaintiffs attorneys' fees, costs, and disbursements; and

6.  award the Plaintiff and all those similarly situated Collective Action and Class Plaintiffs further legal and/or equitable relief as this Court deems necessary, just and proper.

## **JURY DEMAND**

The Plaintiff requests a jury trial on all issues so triable.

Dated:  October 6, 2021          Respectfully submitted,

*/s/ Michael D. Pushee*
Michael D. Pushee (#657343)
Formisano & Co., P.C.
100 Midway Place, Suite 1
Cranston, Rhode Island 02920
(401) 944-9691
mpushee@formisanoandcompany.com

*/s/ Gregg C. Greenberg*
Gregg C. Greenberg, VA Bar No. 79610
(To Be Admitted Pro Hac Vice)
ZIPIN, AMSTER & GREENBERG, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
(301) 587-9373 (ph)
Email:  GGreenberg@ZAGFirm.com

*Attorneys for Plaintiff and the Class/Collective*