UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARC PUGLIESE, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 1:21-CV-11629-DJC |
| ) | |
| GOVERNMENT EMPLOYEES ) | |
| INSURANCE COMPANY, ) | |
| d/b/a GEICO, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**DEFENDANT'S SUR-REPLY IN FURTHER SUPPORT OF ITS OPPOSITION TO MOTION FOR CONDITIONAL CERTIFICATION AND NOTICE TO PUTATIVE CLASS MEMBERS [LEAVE TO FILE GRANTED PURSUANT TO ECF NO. 21]**

Defendant Government Employees Insurance Company (GEICO) submits this Sur-Reply in further support of its Opposition to Plaintiffs' Motion for Conditional Certification of a Collective Action (ECF No. 7). In sum, the Motion for Conditional Certification should be denied because there is insufficient evidence to demonstrate a common unlawful policy or practice and because the claims are too individualized for a collective action.

**1. Plaintiffs' new declarations should be disregarded.**

Plaintiffs improperly attempt to include new evidence with their Reply brief. Incorrectly anticipating that GEICO might use this Sur-Reply to submit additional evidence, Plaintiffs argue "that a Sur-Reply is likely an improper place for a new affidavit." ECF No. 28 at 9, n.11. However, a Reply is not a proper place for new affidavits, either. *Jones v. Lubrizol Advanced Materials, Inc.*, – F. Supp. 3d –, 1:20-cv-00511, 2022 WL 286718, * 2 (N.D. Ohio. Feb 1, 2022). The three new Declarations attached to Plaintiffs' Reply (ECF Nos. 28-1, 28-2, 28-3) should be disregarded.

### 2. The Court should consider GEICO's evidence.

` Plaintiffs' repeated response to GEICO's evidence against conditional certification is to label it a "futile merits-based argument." *See, e.g.*, ECF No. 28 at 5. While the standard may be lenient, conditional certification is not automatic. Because plaintiffs normally present only their side of the case, it necessarily falls to the defendant to complete the picture. Inevitably, the full picture contains facts that are also relevant to the merits. That does not bar the Court from considering such facts in deciding whether the case should be conditionally certified. In particular, an understanding of the factual issues is necessary to determine whether the allegations lend themselves to a collective adjudication or are individualized, which necessarily involves looking to both Plaintiffs' and Defendant's presented evidence.

### 3. There is no evidence of a common, illegal practice.

Plaintiffs repeatedly argue that GEICO "directed" them to work overtime without compensation. But the evidence, even including the three untimely filed declarations, does not support that claim. Rather, Plaintiffs' virtually identical declarations say the declarants failed to report their overtime in order to improve their efficiency ratings. *See, e.g.*, ECF No. 7-1 ¶ 16 ("if the other Massachusetts Adjusters and I worked more than 7.75 hours in a day, the additional working hours evinced poor work performance."). Plaintiffs' declarations completely lack any specific instance of GEICO discouraging or preventing Plaintiffs from accurately reporting their time. Nor do Plaintiffs refute the fact that they reported their own hours each week, and in so doing, certified that the hours were "true and correct." And there is no reason to believe that other AD Adjusters also tried to improve their performance evaluations by violating Company rules about the reporting of overtime. The always weak argument that "everyone does it" only underscores the lack of real evidence.

**4.     Pugliese's own history shows that the issues are individualized.**

Considering their willingness to offer new evidence in a Reply, it is telling that Plaintiff Pugliese does not even mention the evidence that he commuted during scheduled work time, which makes it highly unlikely that he ever worked more than 40 hours per week. *See* ECF No. 25-4 ¶¶ 14-20. The point of mentioning that here is not to address Mr. Pugliese's claim on the merits, but to emphasize that GEICO does not need to look further than the named Plaintiff to show that the claims are individualized and thus do not lend themselves to a collective action.

**5.     The *Hart* decision is not persuasive.**

Plaintiffs filed as supplemental authority the decision in *Hart v. GEICO*, No. 4:21-CV-00859, 2022 U.S. Dist. LEXIS 24428 (M.D. Pa. Feb. 10, 2022) (ECF No. 31 in this case), in which the court granted a similar motion for conditional certification. In *Meredith v. GEICO*, No. 1:21-CV-106 (E.D. Va. April 2, 2021) (ECF No. 25-1 in this case), the court denied a similar motion for conditional certification, which means that the two prior decisions point in opposite directions. GEICO submits that the standard applied in *Hart* is excessively lenient, in that it disregards all of GEICO's evidence as merits related, thus making conditional certification practically automatic. In this District, the standard for conditional certification "is not invisible." *Burns v. City of Holyoke*, 881 F. Supp.2d 232, 234 (D. Mass. 2012). In this District, Plaintiffs must make a preliminary factual showing that they were "subject to a single decision, policy or plan that violated the law," *id*., and that "legal claims and factual characteristics" of the employee are similar. *Id.* at 235. In this case, while Plaintiffs make sweeping arguments, their declarations describe no illegal practice. The facts concerning the two named Plaintiffs reveal that their factual characteristics are highly individualized. As GEICO described in its Opposition (ECF No. 25), the workloads and work settings of AD Adjusters in Massachusetts varied and frequently changed.

## CONCLUSION

For these reasons, and the reasons stated in GEICO's Opposition (ECF No. 25), GEICO requests that the Plaintiffs' Motion for Conditional Certification be denied.

Respectfully submitted,

*/s/ Andrea L. Martin*

Andrea L. Martin (BBO 666117)
amartin@burnslev.com
BURNS & LEVINSON LLP
125 High Street
Boston, MA 02110
(617) 345-3000

*/s/ Lindsey A. White*
Eric Hemmendinger
(*Pro Hac Vice*)
Lindsey A. White
*(Pro Hac Vice)*
SHAWE ROSENTHAL LLP
One South Street, Suite 1800
Baltimore, Maryland 21202
T: (410) 752-1040
F: (410) 752-8861
eh@shawe.com
law@shawe.com

*Attorneys for Defendant Government Employees Insurance Company, Inc. d/b/a GEICO*

**CERTIFICATE OF SERVICE**

  I, Lindsey A. White, hereby certify that a copy of the foregoing document, filed through the CM/ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies shall be served by first class mail postage prepaid on all counsel of record who are not served through the CM/ECF system on February 18, 2022.

            */s/Lindsey A. White*
            Lindsey A. White

            *Counsel for Defendant*