**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ──────────────────────────── ) | |
| **MARC PUGLIESE et al., on behalf of himself** ) | |
| **and a class of similarly situated persons,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 21-cv-11629-DJC** |
| ) | |
| **GOVERNMENT EMPLOYEES** ) | |
| **INSURANCE COMPANY,** ) | |
| ) | |
| **Defendant.** ) | |
| ──────────────────────────── ) | |

**MEMORANDUM AND ORDER**

**CASPER, J.**                                                              **April 15, 2022**

## I.      Introduction

Plaintiffs bring this putative class action against Defendant Government Employees Insurance Company ("GEICO") alleging violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, and the Massachusetts Wage Act, Mass. Gen. L. c. 149, §§ 148, 150, 151.  D. 1. Plaintiffs, now Marc Pugliese and Michael Loughlin, have moved to certify a collective action conditionally on behalf of themselves and other similarly situated persons under 29 U.S.C. § 216(b).  D. 18.  For the reasons discussed below, the Court ALLOWS Plaintiffs' motion for conditional certification.

## II.     Legal Standard

"The FLSA allows employees to band together to enforce their rights by initiating or joining a collective action."  Romero v. Clean Harbors Surface Rentals USA, Inc., 368 F. Supp. 3d 152, 160 (D. Mass. 2019) (citing Cunha v. Avis Budget Car Rental, LLC, 221 F. Supp. 3d 178,

1

181 (D. Mass. 2016); 29 U.S.C. § 216(b)).  "Unlike a class action under Federal Rule of Civil Procedure 23, collective actions under the FLSA 'require similarly situated employees to affirmatively opt-in and be bound by any judgment.'"  Id. 160–61 (quoting Cunha, 221 F. Supp. 3d at 181).  "[C]ourts have developed a certification process for plaintiffs seeking to bring FLSA collective actions."  Id. at 161 (citing Kane v. Gage Merch. Servs., Inc., 138 F. Supp. 2d 212, 214 (D. Mass. 2001) (further citations omitted)).  Although the First Circuit has not addressed this issue, "most courts—including most district courts in this circuit—follow a two-step approach."  Id. at 161 (quoting Cunha, 221 F. Supp. 3d at 160).

"First, 'the court makes an initial determination of whether the potential class should receive notice of the pending action.'"  Id. (quoting Trezvant v. Fidelity Employer Services Corp., 434 F. Supp. 2d 40, 42 (D. Mass. 2006)).  "[T]his determination is made using a fairly lenient standard, which typically results in conditional certification."  Id. (quoting Trezvant, 434 F. Supp. 2d at 43).  "The plaintiff must show only 'that there is some factual support'—as opposed to mere allegations—that the potential plaintiffs are similarly situated."  Id. (quoting Cunha, 221 F. Supp. 3d at 182).

"Second, after discovery is complete, the court makes a final 'similarly situated' determination."  Id. at 161 (quoting Trezvant, 434 F. Supp. 2d at 42).  "Pertinent factors at this stage include:  (1) any disparate factual and employment settings—for example, whether various plaintiffs were employed in the same corporate department, division, and location; (2) the various defenses available to the defendant which appear to be individual to each plaintiff; and (3) fairness and procedural considerations."  Id. (citing Trezvant, 434 F. Supp. 2d at 45).

III.    **Factual Background**

Based upon allegations set forth in their complaint, motion and those contained in their declarations, D.1; D. 18; D. 18-2; D. 18-3; see Dyse v. Healthall Consulting, 433 F. Supp. 3d 35, 38 (D. Mass. 2020) (quoting Trezvant, 434 F. Supp. 2d at 43) (further citation omitted)) (stating that "[o]n a motion for conditional certification, the court may consider 'the pleadings and any affidavits which have been submitted'"), the Plaintiffs allege the following facts.

Plaintiffs allege that during the class period of at least October 2018 through March 2021,[1] GEICO failed to compensate Plaintiffs and other Massachusetts Adjusters for working overtime in violation of the FLSA, 29 U.S.C. § 201. D. 1 ¶¶ 31, 33; D. 18-1 ¶¶ 2, 9–10; D. 18-2 ¶¶ 9–13, D. 18-3 ¶¶ 9–13. Plaintiffs seek to include Automobile, Residential and Catastrophic Adjusters in the class, which they allege all have "primary job duties includ[ing] . . . (i) contacting customers and setting up inspections to evaluate vehicle/residential/catastrophic damage; (ii) communicating with customers regarding the status of their claims and explaining the claims process; (iii) inspecting properties/vehicles to evaluate the extent of loss and/or determining if a claim was repairable or a total loss; (iv) negotiating with customers on amount of loss/settlement; (v) setting up/approving rentals; (vi) setting up/monitoring repairs on claims; and (vii) handling claim and repair paperwork." D. 18-1 ¶ 3; D. 18-2 ¶ 8; D. 18-3 ¶ 8.

---

[1] In Plaintiffs' motion, D. 18, they seek to include Massachusetts Adjusters employed by GEICO from October 2018 through March 2021 in the purported class, D. 18 at 2, but in their reply, they seek to expand the date range through June 2021. See D. 28 at 3 n.2. GEICO argues that the Court should disregard the additional declarations, D. 28-1; D. 28-2; D. 28-3, that Plaintiffs submitted in their reply. D. 32 at 1. "[C]ourt[s] are generally disinclined to accept new evidence in reply briefs." Gallagher v. GM Co., No. 19-11836, 2020 WL 3481649, at *8 (E.D. Mich., June 26, 2020). For the reasons discussed herein, the Court grants Plaintiffs' motion for conditional certification for a class as initially proposed even without considering the additional declarations attached to Plaintiffs' reply, D. 28.

During the relevant period, GEICO paid Massachusetts adjusters for working a 7.75-hour day, 38.75-hour work week, based upon an 8:00 a.m. to 4:30 p.m. schedule with a forty-five-minute meal break deduction.  D. 1 ¶¶ 16; D. 18-1 ¶ 8.  Plaintiffs assert that GEICO first paid all the Massachusetts Adjusters a flat weekly salary and then switched to paying them all on an hourly basis.  D. 18-1 ¶ 8.

Plaintiffs allege that during the class period, Plaintiffs and other Massachusetts Adjusters typically worked more than forty hours per week, and that GEICO failed to pay them overtime compensation.  Id.; D. 1 ¶¶ 12–16, 18; D. 18-2 ¶ 23; D. 18-3 ¶ 23.  Plaintiffs allege this was due to a company-wide policy that pressured Massachusetts Adjusters to enter 7.75-hour days and 38.75-hour weeks in their time sheets, despite working more than eight to ten hours per day.  D. 1 ¶¶ 16–19; D. 18-1 ¶ 10; D. 18-2 ¶ 14; D. 18-3 ¶ 14.  Specifically, Plaintiffs assert that Massachusetts Adjusters customarily worked from about 8:00 a.m. until 5:30–7:00 p.m., without a meal break, and "as needed" on weekends.  D. 1 ¶¶ 12, 15; D. 18-1 ¶ 5; D. 18-2 ¶¶ 9–10; D. 18-3 ¶¶ 9–10.  GEICO allegedly instructed the Massachusetts Adjusters' supervisors to inform the Adjusters that 7.75 hours was "sufficient compensation if [they] . . . were working hard and doing their job."  D. 1 ¶ 19; D. 18-1 ¶ 12; D. 18-2 ¶ 16; D. 18-3 ¶ 16.  If an Adjuster logged more than 7.75 hours, it displayed "poor work performance."  D. 1 ¶ 19; D. 18-1 ¶ 12; D. 18-2 ¶ 16; D. 18-3 ¶ 16.

GEICO allegedly enforced this policy through threats of negative performance evaluation resulting in "poor workplace reputation" and "additional negative workplace consequences," including "discipline, [p]erformance [i]mprovement [p]lans, and potential loss of employment." D. 1 ¶ 19; D. 18-1 ¶ 11; D. 18-2 ¶¶ 15–17; D. 18-3 ¶¶ 15–17.  At all relevant times, Plaintiffs allege that GEICO had "actual knowledge through internal employee surveys, employee complaints, text

messages, emails, VPN monitoring, employee claims management systems, internal employee chat or messaging programs, and other employee monitoring systems that GEICO's time sheet system and the content thereof was not accurate." D. 1 ¶ 20; D. 18-1 ¶ 14; D. 18-2 ¶ 18; D. 18-3 ¶ 18.

## IV.   Procedural History

Plaintiffs instituted this action on October 6, 2021, D. 1, and now move to certify a collective action conditionally pursuant to 29 U.S.C. § 216(b), D. 18.  The Court heard the parties on the pending motion and took the matter under advisement.  D. 36.

## V.   Discussion

### A.   <u>Conditional Certification</u>

Plaintiffs Pugliese and Loughlin request that the Court certify the following collective action group conditionally:  all individuals who worked for GEICO as an Automobile and/or Residential and/or Catastrophic Damage Adjusters I and/or II and/or III within Massachusetts at any time during the period October 2018 through March 2021.  D. 18-1 at 11.

In support of this request, Plaintiffs submitted declarations attesting that GEICO directed them and the other Massachusetts Adjusters to enter 7.75-hour days and 38.75-hour weeks, with a forty-five-minute meal deduction, despite working more than forty hours a week, without a meal break.  <u>See</u> D. 1 ¶¶ 12-19; D. 18-2, 18-3.  The Adjusters believed that the failure to pay overtime was a standard company practice and that they would face consequences for reporting overtime, such as discipline, being placed on a performance improvement plan and potential loss of employment.  D. 18-2 ¶¶ 15–17; D. 18-3 ¶¶ 15–17.

As alleged and attested, the Adjusters in the proposed class also performed substantially similar job duties.  D. 18-1 ¶ 3; D. 18-2 ¶ 8; D. 18-3 ¶ 8.

5

These assertions satisfy the "'modest factual showing' required at step one of the FLSA certification procedure." Romero, 368 F. Supp. 3d at 162 (quoting Trezvant, 434 F. Supp. 2d at 43). The Plaintiffs' declarations support their allegations that a substantial number of Massachusetts Adjusters were subject to GEICO's company practice of directing Adjusters to enter 7.75-hour days and 38.75-hour weeks, with a forty-five-minute meal deduction, despite working more than forty hours a week, without a meal break. See 18-2 ¶ 14; D. 18-3 ¶ 14.

"Courts regularly allow conditional certification based on similar factual materials." Dyse, 433 F. Supp. 3d at 39 (citing Romero, 368 F. Supp. 3d at 163–64); Torrezani v. VIP Auto Detailing, Inc., 318 F.R.D. 548, 557–58 (D. Mass. 2017) (allowing conditional certification of overtime collective action for auto detailers and cleaners).

GEICO's arguments against conditional certification are unavailing. First, GEICO argues that Plaintiffs' motion for conditional certification should fail because they did not present sufficient evidence of an unlawful common policy, plan and scheme that is common to all Massachusetts Adjusters. D. 25 at 13–15. Second, GEICO contends that the claims are too individualized for class certification. D. 25 at 11–13. Third, GEICO argues that Massachusetts Adjusters' job responsibilities vary too greatly for conditional certification. Id. at 15–19.

First, as to the lawfulness of its overtime policy, GEICO asserts that "it is legal for an employer to prohibit or limit overtime," and it therefore legally required Plaintiffs to obtain approval before working overtime. D. 25 at 13. GEICO also argues that it is not unlawful to "evaluate its employees' performance based on their efficiency." Id. 13–14. However, "an employer's formal policy or process for reporting overtime will not protect the employer if the employer prevents or discourages accurate reporting in practice." Allen v. City of Chi., 865 F.3d 936, 939 (7th Cir. 2017). It is a factual dispute whether the Massachusetts Adjusters invoked

6

GEICO's formal policy for reporting overtime or whether GEICO forced them to report a 7.75-hour day and a 38.75-hour week, despite being required to work overtime. "[C]ourts generally do not consider merits questions when deciding whether to conditionally certify an FLSA collective action group." See Romero, 368 F. Supp. 3d at 162 (stating that "factual dispute[s]" . . . will either be reconciled in the course of discovery or decided by the ultimate fact finder") (citing Montoya v. CRST Expedited, Inc., 311 F. Supp. 3d 411, 420 (D. Mass. 2018); Lichy v. Centerline Communs. LLC, No. 15-cv-13339-ADB, 2018 WL 1524534, at *4 (D. Mass. Mar. 28, 2018) (collecting cases)).

Second, GEICO's argument that the Court should deny conditional certification because Plaintiffs' claims will require individualized determinations also fails. D. 25 at 11–13. GEICO contends that the Massachusetts Adjusters had different work habits, abilities and that their workloads varied, requiring the Court to conduct "extensive individualized determinations" for each Plaintiff. Id. GEICO cites Norceide v. Cambridge Health Alliance, No. 10-11729, 2014 WL 775453, at *3 (D. Mass. Feb. 24, 2014) to support its position, but in that case the court had already granted a motion for conditional certification and only allowed a motion for decertification following discovery. See id. (stating that "[i]f the [c]ourt conditionally certifies a collective action at the 'notice' stage, defendants may move to decertify the class following discovery and the [c]ourt will make a 'factual determination' as to whether similarly situated employees have opted in"). In Norceide, the court granted conditional certification for a "wide range of . . . employees including nurses, cooks, intake specialists, housekeepers and medical interpreters" who all "claim[ed] to have been uncompensated for missed or interrupted lunch breaks or work performed outside of scheduled shifts." Id. at 1. Although those plaintiffs would also require the court to conduct individualized inquiries into their work habits, abilities and the variation in workload, the

court still certified the class conditionally.  <u>Norceide v. Cambridge Health Alliance</u>, 814 F. Supp. 2d 17, 29 (D. Mass. 2011).  The court reasoned that "plaintiffs satisf[ied] their burden . . . by making a modest factual showing that the putative class members were all subject to [defendant's] practice of discouraging its workers from recording time worked before and after their shifts and during their meal breaks, thereby paying its employees based on their theoretical schedules rather than actual time worked."  <u>Id.</u>  The "'factual determination' as to whether similarly situated employees have opted in" does not occur until the second stage of certification.  <u>Norceide</u>, No. 10-11729, 2014 WL 775453, at *3.  In the present case, still at the notice stage, Plaintiffs have also made the "modest factual showing" that they were subjected to GEICO's company practice of directing Adjusters to enter 7.75-hour days and 38.75-hour weeks, with a forty-five-minute meal deduction, despite working more than forty hours a week, without a meal break.

Third, GEICO's argument that the variety in Massachusetts Adjusters' job responsibilities prevents conditional certification fails.  Plaintiffs have made a "modest factual showing" that individuals performing the Massachusetts Adjuster role are performing "similar" job duties. "[C]ourts routinely grant certification where the proposed class members' job titles or duties are not exactly the same, so long as they are similar."  <u>Drake v. Tufts Associated Health Maint. Org., Inc.</u>, No. 19-11876-FDS, 2021 WL 2767308, at *5 (D. Mass. Feb. 12, 2021) (quoting <u>Lichy</u>, 2018 WL 1524534, at *3); <u>see</u> <u>Trezvant</u>, 434 F. Supp. 2d at 48 (stating that "[a]lthough there are clear differences between [plaintiffs'] . . . positions, there are sufficient similarities to have warranted a finding, at this initial phase, that these positions are similarly situated");  <u>Klapatch v. BHI Energy I Power Servs., LLC</u>, No. 18-11581-RGS, 2019 WL 859044, at *2 (D. Mass. Feb. 22, 2019) (granting conditional certification despite defendant's argument that plaintiffs' work assignments and job functions differed across class members); <u>see also</u> <u>Hart v. Government</u>

Employees Insurance Co., No. 21-cv-00859, 2022 WL 414241, at *3-5 (M.D. Pa. Feb. 10, 2022) (granting conditional certification to a class of adjusters employed by GEICO who had similar duties to those of Plaintiffs here).  Plaintiffs sufficiently allege that they perform similar job duties, D. 18-1 ¶ 3; D. 18-2 ¶ 8; D. 18-3 ¶ 8, the modest showing that they need to make at this point.

Accordingly, the Court conditionally certifies the class as:   all individuals who worked for GEICO as an Automobile and/or Residential and/or Catastrophic Damage Adjusters I and/or II and/or III within Massachusetts at any time during the period October 2018 through March 2021 (the "Class").

### B.   Notice

In addition to seeking conditional certification, Plaintiffs seek approval of their proposed procedure for notifying the Class, D. 18-4 (proposed notice), and consenting to join the class action, D. 18-5 (proposed consent form).  Plaintiffs also ask the Court for an order requiring GEICO to disclose names, last known home addresses, email addresses (business and home) and home and cellular telephone numbers for the group named above within ten business days.[2]  D. 18-1 at 11–12.  Plaintiffs further request that notice be sent to each potential class member by first class mail, email and text message.  Id. at 12.

Although GEICO contends that Plaintiffs' proposed notice to the Class should be limited to single mailed notice and that it should not be required to produce phone numbers or email addresses, D. 25 at 20, GEICO cites no authority for its reasoning.  See generally D. 25; D. 32. The Court grants Plaintiffs' proposed notice to the group by first class mail, email and text message.  D. 18-1 at 11–12; see Gardner v. Fallon Health & Life Ins. Co., No. 4:19-40148-TSH,

---

[2] See D. 28 at 13 (stating that "Plaintiffs are agreeable" to GEICO's request to produce the list of collective members and their contact information within ten business days instead of ten days).

2021 WL 4459525, at *4 (D. Mass. Sept. 29, 2021) (allowing plaintiffs to send notice by mail, email, and text message) and cases cited; see also Irvine v. Destination Wild Dunes Mgmt., 132 F. Supp. 3d 707, 711 (D.S.C. 2015) (stating that distribution of notice via direct mail, email and text message was "reasonable" because society has "become . . . much more mobile . . . with one's email address and cell phone number serving as the most consistent and reliable method of communication").   "A certified class must receive 'the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort.'" Weeks v. Matrix Absence Mgmt., 494 F. Supp. 3d 653, 659 (D. Ariz. 2020) (quoting Reab v. Electronic Arts, Inc., 214 F.R.D. 623, 630 (D. Colo. 2002)) (further citations omitted).  Given the Court's discretion regarding the form and content of notice, Weeks, 494 F. Supp. 3d at 659 (quoting Juvera v. Salcido, 294 F.R.D. 516, 523 (D. Ariz. 2013)), the Court approves the notice and consent form proposed by Plaintiffs, D. 18-4; D 18-5, and will enter the proposed Order regarding same, D. 18-6.

## VI.    Conclusion

For the foregoing reasons, the Court ALLOWS Plaintiffs' motion for conditional certification, D. 18.

**So Ordered.**

/s/ Denise J. Casper
United States District Judge