**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| MARC PUGLIESE, et al., )<br> )<br>        Plaintiffs, )<br> )<br>v. )<br> )<br>GOVERNMENT EMPLOYEES )<br>INSURANCE COMPANY, )<br>d/b/a GEICO, )<br> )<br>        Defendant. )<br> ) | Case No.  1:21-CV-11629-DJC |

**JOINT MOTION TO APPROVE FAIR LABOR STANDARDS ACT SETTLEMENT**

**I.     INTRODUCTION**

Plaintiffs Marc Pugliese, Andrew Chaisson, and Robert Foxx, individually and as collective action representatives of the 23 Opt-In Plaintiffs who joined this case ("Plaintiffs") and Government Employees Insurance Company ("GEICO") (Plaintiffs and GEICO are collectively the "Parties"), by and through counsel, request that the Court approve their Settlement Agreement (the "Agreement"), which resolves Plaintiffs' claims in this matter under the Fair Labor Standards Act ("FLSA") and the Massachusetts Wage Act.[1]

On November 9, 2022, the Parties participated in their second mediation with Magistrate Judge Boal. After a second full-day of negotiations, the Parties reached an agreement to settle for $242,500.00, inclusive of the claims and Plaintiffs' Counsel's attorneys' fees and costs. The Parties subsequently drafted the Settlement Agreement which is attached hereto as ***Exhibit A***.

---

[1] In addition to Plaintffs Pugliese, Chaisson and Foxx, 24 Opt-In Plaintiffs have joined this case. One Opt-In Plaintiff, Johann Folta, did not work within the statute of limitations and, accordingly, is not included in this settlement.

1

The Parties respectfully request that the Court approve this settlement which "represents a 'fair and reasonable resolution of a bona fide dispute over FLSA provisions.'" *Singleton v. AT&T Mobility Servs., LLC*, 146 F. Supp. 3d 258, 260 (D. Mass. 2015) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982)). The Parties also request that the Court dismiss the entire action with prejudice as it has been fully resolved by execution of the Parties' settlement agreement.

## II. BACKGROUND

### A. Nature of the Action

Plaintiffs, who formerly worked as Auto Claim and/or Damage Adjusters at GEICO, filed actions against GEICO alleging violations of the FLSA and the Massachusetts Wage Act and that they were not compensated for all time worked. Plaintiff Pugliese filed this action on October 6, 2021 and Plaintiffs Chaisson and Foxx filed a separate complaint on August 23, 2021 – D. Mass. No. 1:21-cv-11377-WGY. Plaintiff Pugliese filed a motion for conditional certification and the Court granted Plaintiff Pugliese's motion for conditional certification on April 15, 2022. (ECF No. 41). Following the conditional certification in this case, Plaintiffs Chaisson and Foxx agreed to dismiss their complaint and join this matter as Plaintiffs.

### B. The Settlement

Following the Court's decision on the motion for conditional certification, the Parties agreed to attempt to resolve this matter through a Court mediation. On September 2, 2022, the Parties had their first mediation session with Magistrate Judge Boal. The Parties made pre-mediation submissions and had the benefit of significant discovery which occurred in the *Chaisson* matter, including depositions and document discovery. The Parties worked with Magistrate Judge

Boal for a full day and did not reach a resolution. However, the Parties agreed to hold a second session on November 8, 2022 with Magistrate Judge Boal.

Prior to the second mediation session, Plaintiffs obtained many declarations from the Opt-In Plaintiffs which contended supported their claims. Defendant obtained information that it contended supported its defenses. The Parties exchanged this information to facilitate settlement discussions and clarify claims and defenses.

On November 8, 2022, the Parties participated in another full day mediation session with Magistrate Boal. Ultimately, Magistrate Judge Boal made a mediator's proposal of $242,500 inclusive of Plaintiffs' attorneys' fees and costs. Both Parties accepted the settlement proposal. After the November 8 mediation, the Parties negotiated and drafted the Settlement Agreement.

The Parties freely and voluntarily engaged in extensive settlement negotiations with Magistrate Judge Boal, which involved substantive offers and counteroffers between them. The Parties also exchanged correspondence and engaged in voluminous written, depositions, and documentary discovery regarding Plaintiffs' claims and Defendant's defenses. Ultimately, the negotiations resulted in the settlement of these claims. The settlement represents a reasonable compromise of highly contested and disputed claims. Plaintiffs will each receive a share of the gross settlement amount based on the number of workweeks they worked during the applicable statutory period. Plaintiffs Marc Pugliese, Andrew Chaisson, and Robert Foxx will receive modest service awards of $5,000 each for their efforts to bring these claims, participate in discovery, and represent the Opt-In Plaintiffs. Plaintiffs' Counsel will receive payment for a portion of their incurred attorneys' fees and costs totaling $130,542.18. The settlement resulted from informed, non-collusive, arms-length negotiations with Magistrate Judge Boal acting as the mediator.

3

### III. THE COURT SHOULD APPROVE SETTLEMENT OF THE FLSA CLAIMS

"When determining whether a proposed settlement is fair and reasonable, courts consider the totality of the circumstances, which may include such factors as (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Singleton*, 146 F. Supp. 3d at 260-61 (internal quotations and citation omitted).

As set forth in greater detail below, the settlement satisfies the requisite criteria.

**A. Plaintiff's Range of Possible Recovery and Seriousness of Litigation Risks**

Plaintiffs' range of recovery must be balanced with litigation risks proceeding forward. Defendant disputed Plaintiffs' claims that they worked unpaid time off-the-clock. Defendant maintained that it paid for all of Plaintiffs' hours worked and paid overtime hours as reflected in Defendant's records. Defendant also maintained that Plaintiffs frequently worked less than 40 hours per week and were not entitled to overtime wages. Defendant maintained that its policies and practices complied with the law. Defendant provided evidence that Plaintiffs could not maintain overtime claims in about 60% of the eligible workweeks and at most Plaintiffs had claims in about 3,000 weeks, collectively. Defendant also contended that Plaintiffs would not be able to maintain collective certification through trial and planned to move for certification following the close of discovery.

Plaintiffs maintained that Defendant's records are inaccurate and they worked off-the-clock. Plaintiffs also maintained that Defendant's supervisors discouraged reporting all time worked to save on labor expenses.

Thus, both sides had competing factual disputes with respect to the merits of these claims. Assuming Plaintiffs could prove each worked two (2) unpaid overtime hours each week, the total damages would be $252,000, or $504,000 if the Court awarded liquidated damages per 29 U.S.C. § 216(b). A settlement of $242,500, of which $96,957.82 is allocated to the Plaintiffs, is fair and reasonable in light of the risks in this case. The Plaintiffs will receive, on average, $3,729.15 per person net of attorneys' fees and costs, which is a fair settlement of these claims.

### B. The Settlement Avoids Major Burdens and Expenses in Establishing Respective Claims and Defenses

If this case proceeded in litigation and to trial, the Parties estimate that there would likely have been 25 to 35 more depositions, substantial document production, analysis of ESI and time records to determine time worked, expert discovery to analyze the time and ESI records, summary judgment briefing, and decertification briefing. If the case remained certified, there would be a collective action trial. If not, there would be more than two dozen individual cases and trials.

Absent settlement, this case likely would have taken two or three years to reach conclusion and one or both Parties may have appealed the rulings. This Settlement avoids a multiyear litigation and fairly resolves these claims.

### C. The Settlement Is the Product of Arm's Length Bargaining Between Experienced Counsel and There Is No Possibility of Fraud or Collusion

Plaintiffs' counsel has more than 40 years of combined experience handling wage and hour collective actions like this case. Defendant's counsel likewise has dozens of years of experience in wage and hour actions and has represented GEICO for many years. The negotiations were always arm's length and conducted with Magistrate Judge Boal. There is no possibility of fraud or collusion as the Parties both accepted Magistrate Judge Boal's mediator's proposal after two full days of mediation.

### D. The Settlement Contains a Reasonable Amount of Attorneys' Fees

Pursuant to 29 U.S.C. § 216(b), FLSA cases require settlement agreements to include "a reasonable attorney's fee to be paid by the defendant, and costs of the action." *Whittington v. Taco Bell of Am., Inc.*, No. 10-CV-01884, 2013 WL 6022972, at *5 (D. Colo. Nov. 13, 2013); *Singleton*, 146 F. Supp. 3d at 260 (same); 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."). An attorney's fee award need not be proportionate to the damages award. *See Hensley v. Eckerhart*, 461 U.S. 424, 435-37.

The Settlement Agreement provides for the payment of attorneys' fees and costs to Plaintiffs' counsel in the amount of $130,542.18. This is a reasonable amount in light of the substantial work that Plaintiffs' counsel performed to date. This amount also covers the amount of time Plaintiffs' counsel will spend to bring this settlement to conclusion including communicating with all Opt-In Plaintiffs about the settlement, their checks, and the releases.

Shavitz Law Group, P.A. ("SLG") spent 399.1 hours litigating this case, totaling $221,615.00. Shavitz Decl. ¶¶ 13, 15 (attached as Exhibit B). SLG also incurred $3,918.99 in costs.[2] Shavitz Decl. ¶ 16. Zipin, Amster & Greenberg, LLC ("ZAG") spent 51 hours litigating this case, totaling $18,545.00, and incurred $3,356.94 in costs. Greenberg Decl. ¶¶ 25, 27 (attached as Exhibit C). Law Office of Michael D. Pushee ("Pushee") spent 1.65 hours litigating this case, totaling $577.50. Pushee Decl. ¶ 7 (attached as Exhibit D). Fair Work PC spent 13.5 hours litigating this case, totaling $8,775.00, and incurred $1,302.00 in costs. Schwab Decl. ¶¶ 6, 7 (attached as Exhibit E). In addition, Mr. Pushee's former law firm, Formiano & Company, P.C., spent 16.4 hours litigating this case, totaling $6,560.00, and incurred $714.25 in costs. Formisano

---

[2] This does not include costs expended by SLG for photocopies, postage, and legal research.

Dec. ¶¶ 4, 5 (attached as Exhibit F).  In total, Plaintiffs' Counsel spent 481.65 hours, incurred a total lodestar of $256,072.50, and spent out-of-pocket costs of $9,292.18 while litigating this case.

Plaintiffs' counsel worked for Plaintiffs on a contingency basis, risking non-payment of attorneys' fees and no reimbursement for their out-of-pocket costs if Plaintiffs lost this case. To date, Plaintiffs' counsel has not received any payment for fees and costs from Plaintiffs and has worked wholly on a contingency fee basis.  An attorneys' fee and costs award of $130,542.18 is reasonable in this matter and supported by Plaintiffs.

## CONCLUSION

For the foregoing reasons, the parties request the Court approve the settlement and enter an order as follows:

1. The settlement is approved;

2. The claims are dismissed in their entirety with prejudice; and

3. All remaining claims are dismissed in their entirety with prejudice.

Dated:  December 15, 2022

/s/ Michael Palitz  
Michael Palitz  
Shavitz Law Group, P.A.  
447 Madison Ave, 6th Floor  
New York, New York 10022  
Phone: 800.616.4000  
Fax: 561.447.8831  
Email: mpalitz@shavitzlaw.com  

Gregg I. Shavitz  
Tamra Givens  
SHAVITZ LAW GROUP, P.A.  
985 Yamato Road, Suite 285  
Boca Raton, FL 33431  
Phone: 561.447.8888  

/s/ Lindsey A. White  
Eric Hemmendinger  
Lindsey A. White  
SHAWE ROSENTHAL LLP  
One South Street  
Suite 1800  
Baltimore MD 21202  
410-843-3457  
410-843-3473  
eh@shawe.com  
law@shawe.com  

*Attorneys for Defendant*

Fax: 561.447.8831
Email: gshavitz@shavitzlaw.com
tgivens@shavitzlaw.com

Hillary Schwab, BBO #666029
FAIR WORK P.C.
192 South Street, Suite 450
Boston, MA 02111
Tel. (617) 607-3261
Fax. (617) 488-2261
hillary@fairworklaw.com

Gregg C. Greenberg, VA Bar No. 79610
ZIPIN, AMSTER & GREENBERG, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
(301) 587-9373 (ph)
Email: GGreenberg@ZAGFirm.com

Michael D. Pushee
Law Office of Michael D. Pushee
100 Midway Rd, Suite 16
Cranston, RI 02920
401-214-9820
Email: mpushee@pusheelaw.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 15th day of December, 2022, a copy of the foregoing was electronically filed through the Court's ECF System, which will send a Notice of Electronic Filing to all counsel of record.

*/s/ Michael Palitz*
Michael Palitz